UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 20-6580 MWF (PVC)                           Date:  August 20, 2020

Title        Todd Vincent Davie v. Sheriff Alex Villanueva

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE, OR, IN THE ALTERNATIVE, BECAUSE PETITIONER'S CLAIMS ARE UNEXHAUSTED

Pending before the Court is a habeas petition filed by *pro se* petitioner Todd Vincent Davie, a pretrial detainee in the custody of the Los Angeles County Sheriff's Department, pursuant to 28 U.S.C. § 2241.[1]  ("Petition," Dkt. No. 1 at 2).  Petitioner states that he has been charged with assault likely to produce great bodily injury under California Penal Code § 245(a)(4), and has been awaiting trial since November 26, 2019.

---

[1] The Petition is presented on a habeas form ostensibly under 28 U.S.C. § 2254. However, § 2254 applies only to persons in custody as a result of a state court judgment. *Id.* § 2254(a).  Because Petitioner has not yet been convicted, § 2254 does not apply. Therefore, the Court will construe the Petition as arising under § 2241.  *See Dominguez v. Kernan*, 906 F.3d 1127, 1136 (9th Cir. 2018) (pretrial detainees "may avail themselves of habeas relief under § 2241(a) and (c)(3) without regard to the additional requirements imposed on petitions under § 2254").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-6580 MWF (PVC)                                    Date:  August 20, 2020

Title          Todd Vincent Davie v. Sheriff Alex Villanueva

(*Id.*).  Although the Petition is not entirely clear, it appears that Petitioner's trial may have been delayed because he has been declared incompetent.  (*Id.* at 3).

The Petition purports to raise five grounds for federal habeas relief:  (1) the criminal charges against Petitioner should be dismissed because Petitioner's right to a speedy trial has been violated; (2) the state's denial of Petitioner's speedy trial rights is arbitrary and capricious; (3) the incompetency finding was not based on convincing evidence and Petitioner's seven *Marsden* motions were improperly denied;[2] (4) state regulations negligently fail to protect Petitioner because he prepares "the foods" in close contact and is "susceptible of contracting the flu & [corona]virus"; and (5) Petitioner's bail is excessive.  (*Id.* at 5-6).  However, it appears that Petitioner's claims are subject to dismissal pursuant to the *Younger* abstention doctrine, or, in the alternative, because they are unexhausted.[3]

### The *Younger* Abstention Doctrine

As a general proposition, federal courts must abstain from enjoining a state

---

[2] In California, a criminal defendant's motion to have his counsel relieved and substitute counsel appointed "in shorthand is called a *Marsden* motion," pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970).  *Schell v. Witek*, 2018 F.3d 1017, 1021 (9th Cir. 2000).

[3] Although Petitioner filed the instant Petition *pro se*, he states that he is represented by the County Public Defender in his pending superior court criminal action.  (Petition at 8).  As a general matter, a "defendant does not have a constitutional right to 'hybrid' representation."  *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994); *see also McMeans v. Brigano*, 228 F.3d 674, 684 (2000) (no constitutional right for represented prisoner to file additional brief *pro se*).  However, because it appears that dismissal of this action may be warranted under the *Younger* abstention doctrine, or, alternatively, because Petitioner's claims are unexhausted, it is unnecessary for the Court to address the propriety of Petitioner's self-representation in this habeas action while he continues to be represented by counsel in his underlying criminal proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-6580 MWF (PVC)                                    Date:  August 20, 2020

Title         Todd Vincent Davie v. Sheriff Alex Villanueva

prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate.  *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *Sprint Commc'n., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).  This concept is referred to as the doctrine of abstention or the *Younger* doctrine.  Although "application of *Younger* does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance" while state proceedings are pending, "the federal courts have bound themselves pursuant to principles of comity to voluntarily *decline to exercise* jurisdiction that they have and would otherwise exercise."  *Canatella v. State of California*, 404 F.3d 1106, 1116 (9th Cir. 2005) (emphasis in original; internal citation omitted).

*Younger* abstention in favor of a state proceeding is appropriate if three criteria are met:  (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).  However, federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment, or that some other "extraordinary circumstances" exist, such as where proceedings are being conducted pursuant to a "flagrantly" unconstitutional statute.  *Younger*, 401 U.S. at 49, 53-54.  When a federal court determines that the *Younger* doctrine applies, it must dismiss the pending action without prejudice.  *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, *Younger* abstention requires dismissal of the federal action.") (emphasis omitted).

It is undisputed that Petitioner's criminal proceedings in state court are still pending.  It is further beyond serious debate that state criminal proceedings involve important state interests.  *See, e.g., Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 333 (1984) (J. Stevens, concurring) ("One of the weightiest of state interests is that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 20-6580 MWF (PVC)                             Date:  August 20, 2020

Title   Todd Vincent Davie v. Sheriff Alex Villanueva

favoring speedy, efficient, and uninterrupted disposition of criminal cases."). Accordingly, application of the *Younger* abstention doctrine in this case turns on whether the state proceedings provide an adequate opportunity to litigate Petitioner's federal constitutional claims, or, if they do, whether "extraordinary circumstances" warrant an exception to the doctrine.

The Ninth Circuit has expressly found that pretrial detention in alleged violation of the Speedy Trial Clause is not, by itself, an "extraordinary circumstance" warranting an exception to *Younger*.  Accordingly, as the Ninth Circuit explains, the *Younger* abstention doctrine will typically require dismissal of a federal habeas action when a pretrial detainee seeks dismissal of state charges against him under the Speedy Trial Clause:

> [T]he rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution.  The only exceptions are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown."

*Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (quoting *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980)); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.") (citation omitted).  In sum, in the vast majority of cases, a pretrial detainee "must wait to bring a Speedy Trial claim in federal court until after trial and conviction."  *Brown*, 676 F.3d at 901 (*Younger* abstention applies where the pretrial detainee can "prove no injury independent of the Speedy Trial violation itself").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-6580 MWF (PVC)                                  Date:  August 20, 2020

Title      Todd Vincent Davie v. Sheriff Alex Villanueva

Similarly, courts in this Circuit have routinely found that excessive bail claims may be subject to *Younger* abstention.  For example, in *Robinson v. Sniff*, 2009 WL 1037716 (C.D. Cal. Apr. 17, 2009), the court dismissed Petitioner's habeas petition raising an excessive bail claim upon finding that "all the prerequisites to the application of abstention under *Younger* have been met."  *Id.* at *1.  The court explained:

> First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication.  Second, the State undeniably has an important interest in protecting the public by the filing and prosecuting of criminal proceedings.  Third, the state court criminal proceedings afford an opportunity for petitioner, who is the defendant, to raise constitutional claims regarding the lack of probable cause, excessive bail and lack of discovery, such as petitioner raises herein.  Finally, the remedy the petitioner seeks, the issuance of a writ of habeas corpus, would clearly interfere with the ongoing state criminal proceeding, and petitioner has not identified any "extraordinary circumstances" warranting an exception to the *Younger* doctrine.

*Id.* (internal citations and parentheticals omitted).  The *Robinson* court further concluded that because petitioner was "seeking federal court review of a state criminal proceeding . . . before he has exhausted his state court remedies regarding his conviction and sentence," his "habeas petition [was] premature" and "comity and the interest of judicial economy" would be served by affording the state courts the first opportunity to examine the lawfulness of petitioner's detention.  *Id.* at *2; *see also Lazarus v. Baca*, 2010 WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010), aff'd, 389 F. App'x 700 (9th Cir. 2010) (dismissing excessive bail claim on habeas review under *Younger*).

However, in *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018), the Ninth Circuit concluded that *Younger* abstention was not appropriate where:  the state conceded that petitioner had been held for six months without a constitutionally adequate bail hearing;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-6580 MWF (PVC)                                        Date:  August 20, 2020

Title         Todd Vincent Davie v. Sheriff Alex Villanueva

success on the claim would not interfere with petitioner's state court proceedings; and petitioner had "properly exhausted his state remedies as to his bail hearing" in the superior court, the California Court of Appeal, and the California Supreme Court before bringing his habeas claim to federal court.  (*Id.* at 767).

Finally, Petitioner will clearly be able to raise the federal nature of his remaining claims in state court, including any challenge to his incompetency finding and the denial of his *Marsden* motions.  Petitioner does not clearly develop his "failure to protect claim" in Ground Four and it is unclear what specific relief he is seeking.  However, to the extent that he is seeking release on zero or reduced bail prior to trial due to health concerns arising from the coronavirus pandemic, this claim overlaps with his excessive bail claim.  Furthermore, state courts can and do offer an adequate forum to litigate such claims.  *See, e.g.*, *In re Kalvin Ung*, 2020 WL 4582595, at *3-*5 (Cal. Ct. App. Aug. 10, 2020) (unpublished) (granting in part pretrial detainee's habeas petition seeking release on bail and ordering trial court to hold a hearing to "consider entering a new and different order setting bail consistent with the [county's] June 23, 2020 amended bail order," which was adopted to address inmate overcrowding during the COVID-19 pandemic).

Accordingly, it appears that Petitioner's claims may be subject to the *Younger* abstention doctrine because his state criminal action is still pending and the other criteria for abstention appear satisfied.  In response to this Order, Petitioner must explain why the elements for *Younger* abstention are not present here, or identify any "extraordinary circumstances" that would warrant an exception to *Younger*.

### Exhaustion in State Court

Even if some or all of Petitioner's claims are not subject to dismissal under *Younger*, it appears that they may be dismissed on the alternate ground that they are unexhausted.  Petitioner admits that his claims have not been exhausted in the state courts.  (Petition at 5-6).  Although habeas petitions challenging pretrial detention under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-6580 MWF (PVC)                                    Date:  August 20, 2020

Title        Todd Vincent Davie v. Sheriff Alex Villanueva


28 U.S.C. § 2241 are not subject to a statutory exhaustion requirement, principles of federalism and comity require federal courts to abstain from hearing pretrial habeas challenges unless the petitioner has first exhausted available state judicial remedies.  As the Ninth Circuit has explained,

> As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges [under § 2241] to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim.
>
> Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials.

*Carden*, 626 F.2d at 83.  To satisfy the exhaustion requirement, a petitioner must "fairly present" his claims to the state courts in accordance with the state's procedures.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Accordingly, it appears that Petitioner's claims are subject to dismissal for the independent reason that they are unexhausted.  In response to this Order, Petitioner must explain why his claims are exhausted, despite his representation in the Petition that they are not, or show why they should be exempt from the exhaustion requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-6580 MWF (PVC)                                          Date:  August 20, 2020

Title      Todd Vincent Davie v. Sheriff Alex Villanueva

**Conclusion and Order**

     Because Petitioner's criminal proceedings are still pending in state court and implicate important state interests, and because those proceedings would appear to provide an adequate opportunity for Petitioner to litigate his federal constitutional claims, it appears that the instant claims are subject to dismissal pursuant to the *Younger* abstention doctrine.  Furthermore, it appears that all of Petitioner's claims are unexhausted because he did not present them to the state courts.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed under *Younger* or, in the alternative, because Petitioner's claims are uniformly unexhausted.  After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

     **Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

     **Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.**  *See* **Fed. R. Civ. P. 41(b).**  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

     IT IS SO ORDERED.