# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD VINCENT DAVIE, aka DAVIS,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF ALEX VILLANUEVA,<br><br>Respondent. | Case No. CV 20-6580 SB (PVC)<br><br>**ORDER DENYING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE** |

On June 15, 2020, Todd Vincent Davie, then a pretrial detainee, filed a *pro se* habeas petition alleging violations of his speedy trial rights, excessive bail, and other claims. ("Petition," Dkt. No. 1 at 8). The Court denies the Petition and dismisses this action without prejudice pursuant to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 45-46 (1971), or, in the alternative, because it is completely unexhausted.

## I.

## PROCEDURAL BACKGROUND

Petitioner purported to file this action under 28 U.S.C. § 2254. However, it effectively arose under 28 U.S.C. § 2241 because Petitioner was a pretrial detainee and

not in custody pursuant to a state court conviction at the time he filed his federal Petition. *See* 28 U.S.C. § 2254(a) (the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to habeas petitions filed by persons "in custody pursuant to the judgment of a State court"); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1136 (9th Cir. 2018) (pretrial detainees "may avail themselves of habeas relief under § 2241(a) and (c)(3) without regard to the additional requirements imposed on petitions under § 2254").

On August 20, 2020, the Court issued an Order to Show Cause Why the Magistrate Judge Should Not Recommend that This Action Be Dismissed Pursuant to the *Younger* Abstention Doctrine, Or, in the Alternative, Because Petitioner's Claims are Unexhausted. ("OSC," Dkt. No. 4). Petitioner did not respond to the OSC. On September 28, 2020, the Court issued a Report and Recommendation recommending that the Petition be denied and this action dismissed without prejudice on the grounds articulated in the OSC. ("R&R," Dkt. No. 7).

Petitioner filed objections to the R&R on November 5, 2020. ("Obj.," Dkt. No. 9 at 1). While the objections were largely non-responsive, they disclosed that Petitioner had been convicted by a Los Angeles County Superior Court jury on October 9, 2020. (*Id.* at 1). The docket in Petitioner's state court criminal matter further reflects that Petitioner filed a notice of appeal on November 3, 2020.[1] Because Petitioner is now in custody pursuant to a state court conviction, the Court construes the Petition as arising under 28 U.S.C. § 2254. *See Dominguez*, 906 F.3d at 1135 (§ 2254 is the exclusive vehicle for a habeas petition brought by a state prisoner in custody pursuant to a state court judgment); *Stanley v. Baca*, 137 F. Supp. 3d 1192, 1200 (C.D. Cal. 2015) ("[A] pretrial detainee's

---

[1] The Court takes judicial notice of the state court docket in *People v. Davie*, Los Angeles County Superior Court Case No. XCNBA480713-01. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted); *see also Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).

change in status to convicted state prisoner during the pendency of his Section 2241 case will require that his habeas petition be considered under Section 2254 rather than Section 2241."). Because Petitioner's conviction mooted the § 2241 analysis in the Report and Recommendation, the Court vacated the Report and Recommendation. (Dkt. No. 10).

## II.
## PETITIONER'S CLAIMS

The Petition raises five grounds for federal habeas relief: (1) the criminal charges against Petitioner should be dismissed because Petitioner's right to a speedy trial has been violated; (2) the state's denial of Petitioner's speedy trial rights is arbitrary and capricious; (3) the incompetency finding was not based on convincing evidence and Petitioner's seven *Marsden* motions were improperly denied;[2] (4) state regulations negligently fail to protect Petitioner because he prepares "the foods" in close contact and is "susceptible of contracting the flu & [corona]virus"; and (5) Petitioner's bail is excessive. (Petition at 5-6).

## III.
## DISCUSSION

### A.    The *Younger* Abstention Doctrine Applies Here

As a general proposition, federal courts must abstain from enjoining a state prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate. *Younger*, 401 U.S. at 45-46; *Sprint Commc'n., Inc. v. Jacobs*,

---

[2] In California, a criminal defendant's motion to have his counsel relieved and substitute counsel appointed "in shorthand is called a *Marsden* motion," pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970). *Schell v. Witek*, 2018 F.3d 1017, 1021 (9th Cir. 2000).

571 U.S. 69, 72 (2013).  This concept is referred to as the doctrine of abstention or the *Younger* doctrine.  Although "application of *Younger* does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance" while state proceedings are pending, "federal courts have bound themselves pursuant to principles of comity to voluntarily *decline to exercise* jurisdiction that they have and would otherwise exercise."  *Canatella v. State of California*, 404 F.3d 1106, 1116 (9th Cir. 2005) (emphasis in original; internal citation omitted).

*Younger* abstention in favor of a state proceeding is appropriate if three criteria are met:  (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).  However, federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment, or that some other "extraordinary circumstances" exist, such as where proceedings are being conducted pursuant to a "flagrantly" unconstitutional statute.  *Younger*, 401 U.S. at 49, 53-54.  When a federal court determines that the *Younger* doctrine applies, it must dismiss the pending action without prejudice.  *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, *Younger* abstention requires dismissal of the federal action.") (emphasis omitted).

It is undisputed that Petitioner's state court criminal proceedings are still underway.  Although Petitioner has been convicted, his appeal is pending.  Therefore, the state court criminal action is "ongoing" for purposes of the *Younger* abstention doctrine.  *See Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (state prisoner's "direct appeal in

California state court is [an] 'ongoing' [proceeding]" under *Younger*); *Espinoza v. Montgomery*, 107 F. Supp. 3d 1038, 1042 (N.D. Cal. 2015) ("The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted."). It is further beyond serious debate that state criminal proceedings involve important state interests. *See, e.g., People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty.").

It is also clear that Petitioner will be able to litigate his federal constitutional claims in his appeal before the California Court of Appeal. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Petitioner faces no such procedural bars.

In the absence of any such procedural bars, federal courts routinely abstain under *Younger* in actions claiming violations of the Speedy Trial Clause, as alleged in Grounds One and Two here. *See Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) ("[T]he rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause . . . ."). Similarly, courts in this Circuit regularly find that excessive bail claims, as alleged in Ground Five, are subject to *Younger* abstention. *See, e.g., Robinson v. Sniff*, 2009 WL 1037716, at *1 (C.D. Cal. Apr. 17, 2009) (dismissing habeas petition raising an excessive bail claim upon finding that "all the prerequisites to the application of abstention under *Younger* have been met"); *Lazarus v. Baca*, 2010 WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (dismissing excessive bail claim on habeas review under *Younger*), aff'd, 389 F. App'x 700, 701 (9th Cir. 2010).[3] Petitioner will also

---

[3] In contrast, the Ninth Circuit has found that *Younger* abstention may not be appropriate

be able to challenge in the California courts of appeal his incompetency finding and the denial of his *Marsden* motions, as alleged in Ground Three. *See Spengler v. Villanueva*, 2019 WL 8112681, at *5 (C.D. Cal. Dec. 11, 2019) (dismissing petition raising *Marsden* claim pursuant to *Younger*).

Petitioner does not adequately develop his "failure to protect claim" in Ground Four and it is unclear what specific relief he is seeking. However, to the extent that he is seeking release on zero or reduced bail due to health concerns arising from the coronavirus pandemic, this claim overlaps with his excessive bail claim. Furthermore, state courts can and do offer an adequate forum to litigate such claims. *See, e.g.*, *In re Kalvin Ung*, 2020 WL 4582595, at *3-*5 (Cal. Ct. App. Aug. 10, 2020) (unpublished) (granting in part pretrial detainee's habeas petition seeking release on bail and ordering trial court to hold a hearing to "consider entering a new and different order setting bail consistent with the [county's] June 23, 2020 amended bail order," which was adopted to address inmate overcrowding during the COVID-19 pandemic).

Because the three prongs of the *Younger* analysis are satisfied here, the only remaining consideration is whether any "extraordinary circumstances" warrant an exception to abstention. Petitioner had the opportunity to identify any such circumstances in a response to the OSC or in his objections to the Report and Recommendation. He did not do so, and the Court's review of the record does not disclose any such grounds. Accordingly, the Court denies the Petition and dismisses this action without prejudice pursuant to the *Younger* abstention doctrine.

---

where the defendant challenges the *lack* of bail proceedings, as opposed to the excessive amount of the bail imposed. *See Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018). Because Petitioner has had a bail hearing, *Arevalo* is not controlling. *See* LASD Inmate Locator, https://app5.lasd.org/iic/ajis_search.cfm (reflecting that bail for Todd Vincent Davis, LASD Booking No. 5729474, was set at $100,000). The Court takes judicial notice of the information contained on the LASD's website. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (a court may take judicial notice of matters of public record not reasonably subject to dispute).

**B.	In the Alternative, the Petition Must Be Dismissed Because Petitioner Admits It Is Unexhausted**

However, even if dismissal of some or even all of Petitioner's claims were not warranted under *Younger*, the claims would still be subject to dismissal on the alternate ground that they are unexhausted. The Petition affirmatively discloses that none of its grounds for habeas relief has been presented to the California Supreme Court. (Petition at 5-7).

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process). The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, the Petition reveals on its face that it is completely unexhausted, which Petitioner has never contested. Nor has Petitioner attempted to explain why exhaustion should be excused. A district court may, in its discretion, stay a completely unexhausted habeas petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long*, 813 F.3d 907, 912 (2016). Under *Rhines*, a stay may issue when: (1) the petitioner demonstrates good cause for having failed to first exhaust the claims in state court; (2) the claim or claims at issue are not plainly meritless; and (3) petitioner has not been dilatory

in pursuing the litigation.  *Rhines*, 544 U.S. at 277-78.

Petitioner has not requested a stay.  However, even if he had, the Court would exercise its discretion to deny the request.  Even if *Younger* abstention did not apply, Petitioner has offered no reason for his failure to first exhaust his claims in state court, and the Petition itself does not disclose any reason why the exhaustion requirement should be excused.  Accordingly, the Petition is dismissed in the alternative because it is completely unexhausted and Petitioner has not shown good cause for a *Rhines* stay.

## IV.
## ORDER

IT IS ORDERED that the Petition is denied.  Judgment shall be entered dismissing this action without prejudice pursuant to the *Younger* abstention doctrine or, in the alternative, because it is unexhausted.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 28, 2020

STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE